GLENN L. HENRY, Corporation Counsel Dane County
You request my opinion whether the provisions of sec. 257.37, Stats., take precedence over the provisions of sec. 253.18, Stats., so as to permit the County Board of Judges, comprised of all the circuit and county court judges in the county, to assign specific types of cases to specific branches of the county court. *Page 93 
It is my opinion that they do not. This opinion is limited to counties in excess of 200,000 and less than 500,000 population. While I am of the opinion that the County Board of Judges can recommend that specific types of cases be assigned to specific branches of the county court or to specific branches of the circuit court, final determination as to distribution and assignment of matters within the branches of the county court is for the joint determination of the judges presiding over the branches of such county court under sec. 253.18, Stats., and final determination as to distribution and assignment of matters within the branches of the circuit court is for the joint determination of the judges presiding over the branches of the circuit court under sec. 252.02, Stats.
Sections 252.02 and 253.18, Stats., are applicable to multi-branch courts and are specific statutes concerned with the distribution of work and assignment of cases among the branches of the respective courts. In material part they provide:
 "252.02 Administration of work in multi-branch courts; grand jury. In circuits in which there are 2 or more branches, the judges may provide for the distribution of the work and assignment of cases among branches except that in the 2nd circuit, . . ."
 "253.18 Administration of work in multi-branch courts. In courts in which there are 2 or more branches, the judges may provide for the distribution of the work and assignment of cases among branches under the following rules:
 "(1) Branch No. 1 shall be designated as the probate branch. In addition, the judges may designate by court rule particular branches to handle primarily specific types of cases, such as juvenile matters, domestic relations, criminal matters, traffic or small claims.
"* * *
 "(3) Regardless of the name given to a particular branch or the type of cases assigned to it, the judge of that branch shall handle other matters assigned to him as time permits.
 "(4) Whenever a branch is given a particular name by statute, all cases of the type described by the name of the branch *Page 94 
shall be assigned initially to that branch by the clerk and shall be reassigned to another branch only in the case of disqualification, illness or vacation of the judge or congestion or vacancy in the branch named by statute."
Section 257.37, Stats., provides:
 "257.37 County board of judges in populous counties. In counties having a population of 200,000 or more there is constituted a county board of judges to consist of all the judges of courts of record in such county. A circuit judge shall be chairman of such board. Such board shall have power by majority vote of all members to organize and to establish, modify and repeal rules, not inconsistent with the statutes, to provide for the orderly, efficient and expeditious handling of all matters within the jurisdiction of such courts." (Emphasis added.)
Section 257.37, Stats., is not really a more recently enacted statute. Its predecessor was created as sec. 251.184 by ch. 315, Laws of 1959, the judicial reform act. It was applicable to counties over 500,000 only. No provision was made for chairman. It was made applicable to counties over 200,000 in 1961 and was amended to provide that a circuit judge shall be chairman of such board by ch. 495, Laws of 1961.
Chapter 315, Laws of 1959, also created sec. 252.017, which is essentially the same as present sec. 252.02, Stats., applicable to multi-branch circuit courts, and sec. 253.18, which is essentially the same as present sec. 253.18, Stats., except as to counties over 500,000, which is applicable to multi-branch county courts.
Since the forerunners of secs. 252.02, 253.18 and 257.37, Stats., were all created by the Judicial Reform Act of 1959, they must be construed as being compatible. I conclude that the provisions of secs. 252.02 and 253.18, Stats., which specifically give the judges of the respective courts powers with respect to distribution of workload and assignment of cases to various branches within statutory limits, take precedence over sec. 257.37, Stats., which is of a more general nature.
This conclusion is not altered by the fact that the legislature has created a statutory Board of County Judges in counties over 500,000, *Page 95 
but has not done so in other multi-branch counties. See sec. 257.33, Stats., created as sec. 253.185 by ch. 275, Laws of 1967.
With respect to your further question as to the duty of a county judge to accept cases assigned, please see sec. 253.18 (4) and (5), Stats.
RWW:RJV